Neil A. Smith (SBN 63777)
RIMON P.C.
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Telephone: (415) 377-9280
Facsimile: (800) 930-7271
Email: neil.smith@rimonlaw.com

Michael A. Freeman
Attorney at Law
GREENBERG FREEMAN LLP
110 East 59th Street, 22nd Floor
New York, NY  10022
Telephone:   (212) 838-3121
Fax:  (212) 838-5032
Email: freeman@greenbergfreeman.com
*Pro Hac Vice Pending*

Attorneys for Plaintiff SPY PHONE LABS LLC

DURIE TANGRI LLP
MICHAEL H. PAGE (SBN 154913)
mpage@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:     415-362-6666
Facsimile:     415-236-6300

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPY PHONE LABS LLC,<br><br>Plaintiff,<br><br>v.<br>GOOGLE INC., ANDREI CIUCA, d/b/a CAD DESIGN, and JOHN DOES 1-49,<br>Defendants. | Case No.:  5:15-CV-03756-PSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br>Date:           January 12, 2016<br>Time:          11:00 a.m.<br>Judge:         Honorable Paul Singh Grewal<br>Location:    Courtroom 5 – 4th Floor |

Pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9, Plaintiff Spy Phone Labs LLC ("Spy Phone") and defendant Google, Inc. ("Google") jointly submit this Case Management Statement in advance of the Court's January 12, 2016 Case Management Conference.

**1. Jurisdiction & Service**

This Court has subject matter jurisdiction over the parties' federal trademark infringement and dilution claims and defenses pursuant to 28 U.S.C. §§1331, 1338(a), because this action arises under the Federal Lanham Act, 15 U.S.C. §§ 1051 *et seq*, and has jurisdiction over the parties state law claims and defenses pursuant to 28 U.S.C. §§ 1338(b), 1367.

Defendant Andrei Ciuca ("Ciuca"), who upon information and belief, is a citizen of Romania, has yet to be served because Spy Phone is unaware of his address.

Spy Phone contends that there are other "doe" defendants, whose identities are currently unknown to Spy Phone, who have infringed on Spy Phone's registered trademark. Spy Phone believes that Google has information in its possession that will assist Spy Phone in identifying and locating these additional defendants. Once these defendants are identified, Spy Phone represents that it will act promptly to effect service, but Spy Phone cannot estimate when service will be completed until the location of these defendants becomes known.

**2. Facts**

*Spy Phone's Statement*:

Spy Phone owns U.S. Trademark Registration No. *3948486* for SPY PHONE® for "computer application software for mobile phones" in International Class 09. Spy Phone uses the mark SPY PHONE in connection a software application (an "app") that it developed to be downloaded on mobile phones that operate on the Android® operating system (the "Spy Phone App"). The Spy Phone App is what it commonly known as a parental monitoring app. When downloaded on a mobile phone, the Spy Phone App allows the user or an authorized third party, such as a parent or guardian, to acquire information about how the phone is being used, including the location of the phone through

GPS tracking, the telephone number of the sender or recipient of incoming and outgoing messages, and Internet usage. Information about the phone usage can be viewed via a private account that can be established at a website associated with the domain name <spyphone.com>, which Spy Phone also owns.

Google owns and operates Google Play, the world's largest online marketplace for apps that can be downloaded onto mobile devices that operate on Google's Android® operating system.

Ciuca and others (collectively the "Developer Defendants") have developed apps that perform the same or similar functions as the Spy Phone App and that they have offered these apps for download on Google Play under names that infringe upon Spy Phone's federally registered mark. Google is liable for contributory trademark infringement because Google has permitted the Developer Defendants to offer apps for download on Google Play despite knowledge that the names of these apps infringe on Spy Phone's mark. Google is also liable for tortious interference with existing and prospective customer relationships because, when Spy Phone filed legitimate complaints with Google against the Developer Defendants in an attempt to have Google remove the infringing apps, Google retaliated against Spy Phone by removing the Spy Phone App from Google Play and suspending its developer account at the behest of one or more of the Developer Defendants, who Spy Phone believes have connections, including financial arrangements, with Google employees that enable the Developer Defendants to enjoy favorable treatment.

*Google's Statement*:

Google is an innocent third party whose services were used by others in ways that Spy Phone doesn't like. Google took down every alleged infringement identified by Spy Phone. Where Spy Phone did not provide enough information to Google to identify the allegation of infringement, Google proactively asked for additional information. Spy Phone chose not to provide that information. Because Google took down all of the alleged infringements about which it had sufficient information, it is not a contributory trademark infringer.

1  Spy Phone also complains that Google took down Spy Phone's apps.  Google did so
2  because those apps were objectionable.  Online service providers like Google who remove
3  objectionable content from their services are immune from liability by operation of the
4  Communications Decency Act, 47 U.S.C. § 230, and Google's conduct here falls easily within that
5  safe harbor.

6  **3.   Legal Issues**
7  - Whether the Developer Defendants' use of SPY PHONE infringes Spy Phone's
8     trademark rights and/or constitutes unfair competition;
9  - Whether Google's conduct in with respect to the apps of the Developer Defendants
10    constitutes contributory trademark infringement.
11 - Whether Google's conduct in terminating Spy Phone's developer account and
12    removing the Spy Phone App from Google Play tortiously interfered with Spy
13    Phone's relationship with existing and prospective customers.
14 - Whether Spy Phone's tort claim is barred by the Communications Decency Act, 47
15    U.S.C. § 230.

16 **4.   Motions**
17 Google's motion to dismiss the complaint is pending before this Court.  Spy Phone has
18 opposed the motion.  Additional motions may be filed after discovery begins.

19 **5.   Amendment of Pleadings**
20 Spy Phone seeks leave to amend the complaint if the Court determines that the current
21 version of the complaint fails to state a claim against Google.  Spy Phone further intends to amend
22 its complaint if and when the identities of additional Developer Defendants becomes known so that
23 these additional parties can be added as defendants in this action. Spy Phone also reserves the right
24 to amend its complaint to the extent discovery uncovers additional facts upon which a cause of
25 action may be based.  Spy Phone proposes a deadline of 120 days after the start of formal discovery
26 to amend the pleadings.
27 Google does not anticipate any necessary amendments to its pleadings.
28

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

Each party represents that it has instituted reasonable document retention procedures so as to maintain any relevant documents, electronic or otherwise, or any other relevant electronically recorded material until this dispute is resolved.

**7. Disclosures**

The parties have not yet exchanged their initial disclosures, but shall do so within 21 days of the date of this Order.

**8. Discovery**

The parties propose the following discovery plan pursuant to Rule 26(f)(3):

(A) As stated above, the parties propose exchanging initial disclosures within 21 days from the date of this Order.

(B) The parties anticipate seeking discovery between them on the factual and legal issues described in detail in Sections 2 and 3 above, and the requested relief discussed in Section 11 below.

Once all parties have been served and the pleadings have been finalized, the parties believe that nine months should be sufficient time to conduct discovery.

The parties disagree regarding what discovery should go forward before the pleadings are fixed and all parties are served.

**A. Spy Phone's Proposal**

Spy Phone proposes that, following the exchange of initial disclosures, Spy Phone should be permitted to proceed with limited discovery designed to provide Spy Phone with the ability to serve Ciuca and also to identify and serve the other Developer Defendants who have offered apps for download on Google Play under names that infringe on or may be likely to be confused with the

SPY PHONE mark.  In addition, to enable Spy Phone to finalize its pleading, Spy Phone seeks early discovery from Google concerning Google's practices and procedures for evaluating and responding to complaints regarding trademark infringement and other app policy violations, Google's practices and procedures for reviewing apps on Google Play, both in response to complaints and independently, and Google's knowledge of, and policies and procedures regarding its employees' ability to earn outside income either as an app developer or by working with app developers.

Other than the discovery described above, Spy Phone proposes that substantive discovery be stayed until the pending motion is decided and all parties have been served.

**B. Google's Proposal**

Google proposes that, until the pleadings are fixed and all parties are served, discovery be limited to a single interrogatory, served on Google by Spy Phone, seeking contact information in Google's records for Defendant Ciuca, and that Google respond to that interrogatory within ten days.  Google proposes that a further discovery plan be submitted in advance of a further case management conference to be scheduled after the pleadings are fixed.  Google opposes Spy Phone's discovery proposal, which opens Google to virtually all of the discovery Spy Phone could want from Google before it has been determined whether Google is properly a party.

(C)	The parties do not at this time anticipate any issues about disclosure or discovery of electronically stored information.  If this case proceeds to substantive discovery, once all parties have been served, all parties who have appeared will meet and confer regarding the production of electronically stored information.

(D)	Confidential and/or proprietary business information likely will need to be exchanged during discovery.  The parties will meet and confer regarding a stipulated protective order as appropriate.  If this case proceeds to substantive discovery after all parties have been

served, the parties will meet and confer regarding any additional issues that may arise regarding privileged communications.

(E) The parties do not propose any limitations or modifications of the discovery rules.

(F) The parties do not propose any other orders for the court to issue regarding discovery. At this time, the parties do not have any discovery disputes.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

There are no related cases.

**11. Relief**

Spy Phone seeks the following relief:

(1) An order permanently enjoining the Developer Defendants from committing any further acts of trademark infringement, using any term that is likely to be confused with Spy Phone's SPY PHONE® trademark;

(2) An order permanently enjoining Google from infringing or providing services to others who are infringing upon or using any term that is likely to be confused with Spy Phone's SPY PHONE® trademark;

(3) Treble damages in an amount to be proven at trial sufficient to compensate Spy Phone for harm it has suffered as a result of infringement or contributory infringement on Spy Phone's SPY PHONE® trademark and/or any unfair business practices;

(4) An award of attorneys' fees and costs to Spy Phone; and

(5) Money damages in an amount to be proven at trial sufficient to compensate Spy Phone for harm it has suffered as a result of acts committed by defendants that have tortiously interfered with Spy Phone's relationship with its existing and prospective customers.

Google seeks the following relief:

(1) An order dismissing all claims against Google with prejudice; and

(2) An award of attorneys' fees and costs to Google.

### 12. Settlement and ADR

The parties believe that participating in the Court's mediation program may be beneficial after all parties have been served and the pleadings have been finalized and after the parties have had an opportunity to conduct some discovery.

### 13. Consent to Magistrate Judge For All Purposes

The parties have consented to a Magistrate Judge for all purposes.

### 14. Other References

The parties believe that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

At this time, the parties do not foresee bifurcating any issues, claims, or defenses.  Subject to discovery, the parties may be able to narrow certain issues via stipulated facts.

### 16. Expedited Trial Procedure

The parties do not believe this case is appropriate for the Expedited Trial Procedure.

### 17. Scheduling

As noted above, the parties seek to postpone discovery on many of the substantive issues in the case until the pending motion is decided, all parties have been served and the pleadings are finalized, but they disagree as to the extent of early discovery that Spy Phone should be permitted to take immediately following the exchange of initial disclosures.  Both parties agree that another case management conference will be required before engaging in substantive discovery beyond early discovery, and the schedule for such additional discovery is not addressed below.

#### A. Spy Phone's Proposed Schedule

Based on Spy Phone's proposal for limited early discovery, Spy Phone proposes the following schedule:

| Event | Proposed Dates |
|---|---|
| Spy Phone's service of limited document requests and interrogatories | February 5, 2016 |
| Google's Deadline to Serve Written Discovery Responses | March 6, 2016 |
| Google's Deadline to Produce Documents | March 31, 2016 |

### B. Google's Proposed Schedule

Based on Google's proposal for limited early discovery, Google proposes the following schedule:

Spy Phone shall prepare and serve a single interrogatory seeking address information for. Cuica, and Google shall respond to that interrogatory with 10 days of service.

**18. Trial**

Both parties request a jury trial and anticipate the trial will take four days.

**19. Disclosure of Non-party Interested Entities or Persons**

Both parties have filed their respective Certificate of Interested Entities or Persons under Civil L.R. 3-16 (ECF Nos. 3, 17)

**20. Professional Conduct**

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

At this time, the parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

/ / /

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated:  January 6, 2016 | GREENBERG FREEMAN LLP<br>RIMON P.C. |
| 4 | | |
| 5 | | By: _____/s/  Neil  A. Smith_____ |
| 6 | | Neil A. Smith |
| 7 | | Attorneys for the Plaintiff<br>SPY PHONE LABS LLC. |
| 8 | | |
| 9 | | |
| 10 | Dated:  January 6, 2016 | DURIE TANGRI LLP |
| 11 | | |
| 12 | | By: _____/s/  Michael H. Page_____ |
| 13 | | Michael H. Page<br>Attorneys for the Defendant |
| 14 | | GOOGLE INC. |
| 15 | | |
| 16 | | |
| 17 | Dated: | |
| 18 | | |
| 19 | | By: _____ |
| 20 | | Honorable Paul Singh Grewal<br>U.S.D.C. Magistrate Judge |

CERTIFICATE OF SERVICE

I, Neil A. Smith, hereby certify that on January 6, 2016 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

                      By:      /s/   Neil  A. Smith-------------
                             Neil A. Smith